**William C. JAMES and Arelenar James, Plaintiffs-Appellants,**

v.

**CITY HOME SERVICE, INC., Defendant-Appellee.**

No. 82–4331.

United States Court of Appeals, Fifth Circuit.

Aug. 15, 1983.

Charles H. Ramberg, Jackson, Miss., for plaintiffs-appellants.

N. Alan Lubin, Memphis, Tenn., William B. McKinley, Jackson, Miss., for defendant-appellee.

Before INGRAHAM, WILLIAMS and HIGGINBOTHAM.

INGRAHAM, Circuit Judge:

In this truth-in-lending action, we are asked to determine the curative effect of a set of credit sales documents, in which all of the terms are typewritten, on a previously executed set of documents, in which some of the terms are omitted and the remainder are handwritten. The Jameses sued City Home Service, Inc. (City Home) for statuto-

ry penalties and rescission under the Truth in Lending Act. 15 U.S.C. §§ 1601–1667e (1982). City Home counterclaimed for the deferred purchase price. After a trial, the district court entered judgment for City Home on its counterclaim and denied plaintiffs any relief. The Jameses appeal only the denial of relief. We conclude that the subsequently executed set of documents did not cure the defects in the first set of documents, which constituted a violation of the Act, and therefore reverse that portion of the opinion and remand it to the district court with instructions to render statutory damages and attorney fees for plaintiffs.

On May 27, 1980, a salesman for City Home, a Tennessee based siding and home repair company, called upon Arelenar and William James at their home in Canton, Mississippi. After presenting his sales pitch, the salesman completed some of the blanks in an installment sales contract. Although the documents contained some omissions and some of the handwritten terms were illegible, the Jameses executed the documents. Two days later the salesman returned with a similar set of documents for the Jameses to sign. In this set, however, all of the terms were provided and all were typewritten. After making two payments for the installed vinyl siding, the Jameses brought suit seeking penalties and rescission because of the defects in the May 27 documents. City Home counterclaimed on the contract and defended on the ground that the May 29 documents cured any defects that may have been present in the May 27 documents. The district court found for City Home on its counterclaim and against plaintiffs on their truth-in-lending claims. Although the district court found that the May 27 documents did not contain all the information required by the Act, it concluded that there was no violation since "plaintiffs have not been misled or mistreated in any manner [and] the defendant has not defrauded these plaintiffs to any extent." Plaintiffs appeal only that portion of the judgment denying them relief under the Act.

The purpose of the Truth in Lending Act is not only to protect the consumer from inaccurate and unfair credit practices, but "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a) (1982). Because of the dual purpose of the Act, "[i]t is not necessary that the plaintiff-consumer actually have been deceived in order for there to be a violation." *Smith v. Chapman,* 614 F.2d 968, 971 (5th Cir.1980); *McGowan v. King, Inc.,* 569 F.2d 845, 849 (5th Cir.1978). Further, we have repeatedly held that only adherence to a strict compliance standard will promote the meaningful disclosures that permit the knowledgeable comparison and use of credit. *Smith v. Chapman,* 614 F.2d at 971 (citing cases).

In the present case, the district court found and the record reveals the admission by defendant that the May 27 documents did not contain all of the required terms. Nevertheless, City Home seeks to avoid liability for the violation by contending that the two sets of documents—the May 27 documents containing some handwritten terms and the May 29 documents containing all the necessary terms in typewritten form—were all part of one transaction or, alternatively, that the May 29 documents corrected the errors, if any, of the May 27 documents. *See* 15 U.S.C. § 1640(b) (1982). We find no merit to either argument.

We begin by reiterating that one of the purposes of the Act is to assure the intelligent comparison and use of credit based upon a meaningful disclosure of the credit terms. City Home does not deny that the May 27 contract was unenforceable because some handwritten terms were illegible and other terms were omitted. Rather, it contends that the May 29 documents were part of a singular transaction and cured any technical defects. The May 27 documents constituted a contract. Although both sets of documents concerned the same vinyl siding job, the time between the execution of each precludes treating them as a single continuous transaction. Consequently, we turn to City Home's alternative argument

that the May 29 documents corrected or cured any defects of the May 27 documents.

We initially note that the defects of the May 27 documents are not merely clerical errors, but informational omissions. Section 1640(b) allows a creditor to avoid liability under the Act, if within fifteen days after discovering the error and prior to the institution of a suit, the creditor notifies the consumer and makes the appropriate adjustments. 15 U.S.C. § 1640(b) (1976) (amended 1980). In addressing this issue, the Third Circuit reasoned that § 1640(b) did not apply to informational omissions because it would provide lenders an incentive for delaying sending disclosure forms or providing complete information until after a binding agreement is reached. *Thomka v. AZ Chevrolet, Inc.*, 619 F.2d 246, 251–52 (3d Cir.1980). This argument is more compelling in light of the 1980 amendments that extend the correction period from fifteen to sixty days. Truth in Lending Simplification and Reform Act, Pub.L. No. 96–221, Title VI, § 615, 94 Stat. 180 (codified as amended at 15 U.S.C. § 1640 (1982)). Nevertheless, we need not decide whether § 1640(b) can be used to correct nonclerical errors because City Home failed to provide the Jameses with the required notification. Without notifying the consumer that that May 27 documents contained errors and that the May 29 documents were curative, defendant cannot use § 1640(b) to avoid liability for violating the Act. Since the record reveals that City Home violated the Act by omitting essential terms from the May 27 documents and that they provided no notification to avail themselves of the § 1640(b) refuge, we conclude that the district court erred in denying plaintiffs relief under the Act.

The portion of the district court's opinion denying relief to plaintiffs is therefore REVERSED and REMANDED with instructions to award statutory damages and attorney fees.